```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LILLIAN E. PARA

                       Plaintiff,              06-CV-6492T

v.                                             **ORDER**

R. JAMES NICHOLSON, FORMER SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS;
GORDON H. MANSFIELD, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

                       Defendants.
_____
```

## INTRODUCTION

Plaintiff Lillian E. Para, ("Para") brings this employment discrimination action against defendants Gordon H. Mansfield and R. James Nicholson, the current and former Secretaries of the Department of Veterans Affairs respectively, claiming that she was discriminated against on the basis of her alleged or perceived disability, and was retaliated against for complaining of sexual harassment and gender discrimination. Specifically, the plaintiff, who was employed at a Veteran's Administration Medical Center for approximately 28 years, claims that she was sexually assaulted by a co-employee while on duty, and that as a result, she suffered from post-traumatic stress. She claims that she complained of the assault, but that the defendants failed to take any action, or investigate her claims. Instead, plaintiff claims that she was fired shortly after she complained of the sexual assault.

Although the plaintiff initiated this law suit pro se, by Order dated October 23, 2007, I appointed Attorney Patrick Soloman to represent her, and assist her in effecting proper service of process on the defendant. Plaintiff thereafter, on December 28, 2007, filed an Amended Complaint.

Defendants now move to dismiss the Amended Complaint on grounds that plaintiff failed to timely serve the Amended Complaint, and that her causes of action are barred by the statute of limitations. Plaintiff opposes defendants' motion on grounds that any delay in service of the Amended Complaint was de minimis and not prejudicial to any defendant, and therefore the defendants' motion should be denied.

For the reasons set forth below, I deny defendants' motion to dismiss.

BACKGROUND

Plaintiff timely filed the instant action on October 2, 2006. On October 6, 2006, this Court directed the United States Marshal to serve the Complaint on the named defendant. The Marshal served the defendant by United States Mail, but neglected, pursuant to Rule 4(I) of the Federal Rules of Civil Procedure, to also serve the United States Attorney's office for the Western District of New York, or the Attorney General of the United States. The Marshal filed proof of service on defendant Nicholson on October 27, 2006.

The plaintiff, believing that service had been properly effectuated pursuant to this Court's October 6, 2006 Order and the Marshal's October 27, 2006 Proof of Service, sought an entry of default against the defendant on February 28, 2007. Plaintiff's request was granted, and on May 9, 2007, plaintiff moved for a default judgment.

On October 23, 2007, this court denied plaintiff's motion for a default judgment, and in light of the serious nature of the plaintiff's allegations, appointed counsel for Para. Thereafter, on December 28, 2007, plaintiff filed an Amended Complaint, and attempted to serve the Amended Complaint on the named defendants, the United States Attorney General, and the United States Attorney's office for the Western District of New York. Although plaintiff properly served the United States Attorney General and the named defendants, the plaintiff inadvertently served the Amended Complaint on the Clerk of this Court, rather than, as required, the Civil Process Clerk for the United States Attorney's Office for the Western District of New York.

Having again believed that process was properly served on the defendants, and the defendants not having answered or otherwise responded to the Amended Complaint, the plaintiff on May 2, 2008 again moved for a default judgment against the defendants. Thereafter, however, plaintiff's counsel realized that the Amended Complaint had been inadvertently served on the Clerk of the Court rather than the United States Attorney's office, and by motion

3

dated July 31, 2008, requested an extension of time from the court to properly serve the United States Attorney's office. This court granted plaintiff's request, and the Amended Complaint was served on the United States Attorney's office on August 18, 2008.

On October 20, 2008, defendants filed an Answer to the Amended Complaint, and thereafter, on October 28, 2008, the defendants moved to dismiss plaintiff's Amended Complaint on grounds that due to her inability to serve the Amended Complaint in a timely manner, the statute of limitations for her claims had expired, and alternatively, that because she failed to properly serve the Amended Complaint, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, this court lacks jurisdiction.

DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure requires that service of the Complaint be made within 120 days of the filing of the Complaint. It is well-settled, however, that a district court may extend the time for filing a Complaint either for good cause, or when the interests of justice so require, even in the absence of good cause. Zapata v. City of New York, 502 F.3d 192, 196 (2nd Cir. 2007)("We hold that district courts have discretion to grant extensions even in the absence of good cause.")

In the instant case, plaintiff, when she was proceeding pro se, attempted in good faith to serve the original Complaint via the United States Marshal. The plaintiff did not understand that

4

service of the Complaint was required to be made on the United States Attorney General and the local United States Attorney's office and therefore, on October 23, 2007, this court appointed counsel for the plaintiff, and directed that counsel effectuate proper service of the Complaint. Implicit in that order was an extension of time to allow the plaintiff to complete service.

After consulting with the plaintiff, plaintiff's counsel elected to file an Amended Complaint, and attempted to serve that Amended Complaint on all necessary entities. When counsel learned that it had failed to properly serve the local United States Attorney's office, counsel sought an extension of time to serve that office, and fully explained the reason for the request. This court, on August 1, 2008, accepted counsel's explanation for the failure to timely serve the local United States Attorney's office, and granted counsel additional time to cure the defective service. Accordingly, this Court has already considered the issues regarding plaintiff's service and attempted service of the Amended Complaint on the United States Attorney's office, and has, in the interests of justice allowed the plaintiff additional time to serve the Amended Complaint. Because plaintiff ultimately served the United States Attorney's office within the time period established by this court, and because any delay in serving the United States Attorney's office was not prejudicial, I deny defendant's motion to dismiss for lack of proper service. Moreover, by repeatedly granting the plaintiff additional time to properly serve the

5

Amended Complaint, this court continued to toll the statute of limitations period governing her causes of action, and therefore I find that plaintiff's Amended Complaint is not time barred. Accordingly, I deny defendants' motion to dismiss plaintiff's causes of action as time barred.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
April 21, 2009